IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FREDERICK BROWN,<br><br>　　　　　　　　　Plaintiff<br>　　VS.<br><br>STEPHEN ROBERTS, *et al.*,<br><br>　　　　　　　　　Defendants | NO.  5:09-CV-117 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Plaintiff Frederick Brown filed the above-captioned action wherein he alleged violations relating to the defendants' provision of treatment for his various medical conditions as well as retaliation. Tab #1. In response, defendants Steve Roberts, Sue Mickens, and Michael L. Rodgers filed a pre-answer motion seeking dismissal wherein they contend that plaintiff Brown has failed to state a claim.[1] Tab #10. Plaintiff was directed to respond (Tab #12) and has filed a response to this motion (Tab #16). The motion seeking dismissal is now ripe for review.

**FACTUAL BACKGROUND**

The conduct complained of in this action occurred during the plaintiff Brown's incarceration at Washington State Prison which began in June of 2006 and ended in May of 2007. Following the undersigned's frivolity review, only certain claims were allowed to proceed. Specifically, these claims include allegations that the defendants, despite knowledge of plaintiff's various medical conditions, allowed and/or caused him to be exposed to unreasonable amounts of environmental tobacco smoke (ETS). Plaintiff also alleges that they failed to provide him with certain physician-prescribed medical treatments which included limiting his exposure to excessive heat, providing him warm clothing and insulated gloves, and transporting him to an appointment with a certain medical specialist. Additionally, and allegedly as a result of his grieving these alleged violations, plaintiff Brown avers that defendants Roberts and Mickens improperly had him transferred to a different prison.

---

[1]The plaintiff has also named "Jane Doe" as a defendant in this case. Because this defendant has not been identified or served, she is not properly before the court.

**LEGAL STANDARDS**

MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). To establish deliberate indifference, the plaintiff must show three things: 1) that the government official had subjective knowledge of a risk of serious harm; 2) that the government official disregarded the risk; and 3) the government official did so by conduct that is more than gross negligence. *See Blanchard v. White County Detention Ctr. Staff*, 262 Fed. Appx. 959, 963 (11th Cir. 2008).

In addition, delays in access to medical attention can constitute a violation of the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem.

In contrast, delay or even denial of medical treatment for superficial, non-serious physical conditions does not violate the Eighth Amendment. The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment. Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying medical evidence in the record</u> to establish the detrimental effect of delay in medical treatment to succeed. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, Slip Opinion Nos. 92-8854 and 9318, at 781-87 (11th Cir. Dec. 27, 1994) (emphasis added).

RETALIATION

It is well settled that prison officials are to be afforded wide discretion in the exercise of their duties. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520 (1979). In *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989), the court specifically reiterated that conduct that is not ordinarily offensive to the Constitution will be offensive if done in retaliation for filing lawsuits and administrative grievances. However, simply crying "retaliation" whenever a prisoner does not agree with or like a decision made by prison officials is insufficient to state a claim for a constitutional violation under § 1983. Instead, the prisoner must come forward with sufficient evidence to merit continuation of his lawsuit. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995).

## DISCUSSION

In their motion seeking dismissal, the defendants contend that plaintiff Brown has failed to sufficiently state a claim. In support of this assertion, they argue that the plaintiff's claims improperly rely on vicarious liability and that they are entitled to Eleventh Amendment and Qualified Immunity. The undersigned will address these contentions in turn.

### VICARIOUS LIABILITY

Plaintiff's remaining claims involve allegations that the defendants possessed the requisite knowledge of his particular circumstances and/or personally participated in violating his rights related thereto. As such, and to the extent that the plaintiff has made the foregoing allegations, the defendants are not exempt from liability under §1983.

### ELEVENTH AMENDMENT IMMUNITY

To the extent that plaintiff Brown seeks monetary damages from any of the individual defendants in their **official capacities**, such damages are precluded under §1983. *See **Will v. Michigan Dept. of State Police***, 491 U.S. 58 (1989). Accordingly, **IT IS RECOMMENDED** that any such claims against the defendants in their official capacities be **DISMISSED**.

### QUALIFIED IMMUNITY

The defendants have asserted the defense of qualified immunity which shields public actors from suit unless their actions violate a federal right or law that was *clearly established* at the time that the alleged actions took place. Plaintiff Brown's remaining claims involve medical deliberate indifference and retaliatory transfer. Under the rubric of medical deliberate indifference, plaintiff

Case 5:09-cv-00117-MTT   Document 17   Filed 03/02/10   Page 5 of 6

first alleges that the defendants, with full knowledge of his allegedly severe medical conditions and needs, did, with deliberate indifference, expose him to levels of environmental tobacco smoke that posed an unreasonable risk of serious damage to his future health. Such an allegation, if proven, would preclude qualified immunity as it is violative of a clearly established constitutional right. See *Helling v. McKinney*, 509 U.S. 25 (1993); *Kelly v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005).

Plaintiff's next claim of medical deliberate indifference alleges that defendants (1) failed to prevent him from being exposed to excessive heat, (2) failed to arrange for him to attend a scheduled appointment with a pulmonologist, and (3) prevented him from being supplied with medically necessary clothing and insulated gloves. Because the plaintiff alleges that the failures listed heretofore deprived him of medically necessary treatments that were *prescribed by prison physicians*, coupled with his assertion that the defendants were aware of and personally participated in preventing his conditions from being treated as outlined above, the undersigned is unable to conclude that the defendants are entitled to qualified immunity as to these allegations.

Plaintiff Brown's final claim involves retaliation. Specifically, he has alleged that the defendants transferred him in response to his filing grievances and lawsuits about the alleged deficiencies in his medical treatment. While the claim is sparse, it is, at this stage in the proceedings, sufficient to proceed.
-5-

## CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the defendants' motion seeking dismissal be **GRANTED** in part and **DENIED** in part in a manner consistent with this Recommendation.[2] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 2nd day of MARCH, 2010.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE

---

[2] While this recommendation, if adopted, allows the majority of the plaintiff's claims to proceed, the undersigned feels compelled to advise the plaintiff that, should the defendants subsequently file a motion seeking summary judgement, he cannot rest on his pleadings to present an issue of fact but must make a response by timely filing affidavits, depositions, or otherwise in support of his claims and in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution.