## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **FREDERICK BROWN,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 5:09-cv-117 |
| | : | |
| v. | : | PROCEEDINGS UNDER |
| | : | 42 U.S.C. § 1983 |
| **STEPHEN ROBERTS, et al.,** | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### *ORDER ON UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 17] that Defendants' Pre-Answer Motion to Dismiss [Doc. 10] be granted in part and denied in part. In addressing Defendants' Motion to Dismiss, the Magistrate Judge recommended denying dismissal with regard to Plaintiff's individual capacity claims of deliberate indifference and retaliation, but granting dismissal for claims against Defendants in their official capacities. Defendants filed an Objection to the parts of the Recommendation denying their Motion to Dismiss [Doc.18]. Having considered Defendants' objections and having investigated those matters *de novo*, this Court agrees with the findings and conclusions of the United States Magistrate Judge that Defendants' Motion should be denied with regard to Plaintiff's deliberate indifference and retaliation claims. Therefore, the Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

In their Objection to the Recommendation, Defendants contend that Plaintiff's deliberate indifference claim against Defendant Doctor Rogers is barred by the statute of limitations. However, the Court finds that Plaintiff's claim should not be barred because of the continuing violation doctrine. The statute of limitations for claims brought under 42 U.S.C. § 1983 is

determined by state law, and in this case, Georgia's two-year limitations period for personal injury actions applies. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); O.C.G.A. § 9-3-33. The question of when the limitations period begins to run is governed by federal law. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Generally, a cause of action accrues when the plaintiff knows or should know (1) that he has suffered the injury that forms the basis of his complaint and "(2) who has inflicted the injury." Chappell, 340 F.3d at 1283. In determining this issue, "a court must first identify the alleged injuries, and then determine when the plaintiff could have sued for them." Smith v. Shorstein, 217 F. App'x 877, 881 (11th Cir. 2007).

The continuing violation doctrine is an exception to the general rule regarding the statute of limitations. Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003). Where a continuing wrong is involved, "the cause of action accrues, and the limitation period begins to run, at the time the unlawful conduct ceases." Smith, 217 F. App'x at 881. Refusal to provide medical treatment has been held to constitute a continuing violation. See Shomo v. City of N.Y., 579 F.3d 176, 182 (2d Cir. 2009) (holding that "a policy of doctors and prison staff disregarding medical treatment recommendations" constitutes a continuing violation); Neel v. Rehberg, 577 F.2d 262, 264 (5th Cir. 1978) (refusal to provide medical treatment, shower, telephone, and visiting privileges to prisoner constitutes continuing wrong); Donaldson v. O'Connor, 493 F.2d 507, 529 (5th Cir. 1974) (holding that a § 1983 action brought by a former mental patient for continuous civil confinement without psychiatric treatment did not accrue until the patient was released).

Here, Plaintiff alleges in his Complaint that from June 2006 until May 2007, Rogers refused to order medical treatment that was requested by a rheumatologist and pulmonologist and that he failed to arrange for Plaintiff to attend a scheduled appointment with the pulmonologist. [Doc. 1]. Additionally, Plaintiff alleges that despite Rogers's awareness of Plaintiff's medical conditions, he

failed to notify officials that Plaintiff should not be subjected to extreme heat. Plaintiff claims he suffers from increased health problems as a result of Rogers's actions. Plaintiff sufficiently alleges in his Complaint a continuing violation that did not end until he was transferred to another prison in May of 2007. Thus, Plaintiff's deliberate indifference claim against Rogers is not time-barred because Plaintiff filed his Complaint on March 27, 2009 – less than two years after his cause of action accrued.

Defendants' remaining objections restate contentions that the Magistrate Judge addressed in the Report and Recommendation; this Court agrees with the conclusions and reasoning of the Magistrate Judge. Thus, this Court **ADOPTS** the Report and Recommendation, and Defendants' Pre-Answer Motion to Dismiss [Doc. 10] is granted in part and denied in part. Accordingly, Plaintiff's claims against Defendants in their official capacities are **DISMISSED**, while Plaintiff's remaining individual capacity claims against Defendants for deliberate indifference and retaliation may proceed.

**SO ORDERED**, this 26th day of March, 2010.

S/ C. Ashley Royal
ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

APG/chw